UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ran Witchard, | ) | C/A No. 9:15-3320-DCN-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Linda Thomas, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, Ran Witchard, filed this action pro se, seeking habeas relief. He brings his application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241.[1]

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[2] 28 U.S.C. § 2254; the Anti–Terrorism and Effective Death Penalty Act of 1996; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

---

[1] The undersigned previously recommended that this action be dismissed pursuant to Federal Rule of Civil Procedure 41 because Petitioner failed to bring his case into proper form by paying the filing fee or filing a motion to proceed in forma pauperis. ECF No. 9. Petitioner objected, stating he had requested that his inmate trust account be debited for the filing fee. The Honorable David C. Norton, United States District Judge, vacated the report and recommendation and returned the case to the undersigned for further proceedings. ECF No. 14. On November 17, 2015, Plaintiff paid the filing fee. ECF No. 17.

[2] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].



Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner, an inmate at FCI-Edgefield, challenges his Armed Career Criminal Act (ACCA) enhancement. On May 11, 2011, in the Middle District of Florida, Petitioner pleaded guilty without a written plea agreement to being a felon in possession of both a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On August 24, 2011, Petitioner was sentenced as an armed career criminal under, U.S.S.G. § 4B1.4, to one hundred eighty (180) months imprisonment to be followed by five (5) years of supervised release. Petitioner did not appeal his conviction or sentence, and his motion to vacate, correct, or set aside under 28 U.S.C. § 2255 was denied in December 2013. See Witchard v. United States, No. 8:12–cv–1888T–27TBM, No. 8:09–cr–365–T–27TBM, 2013 WL 6799267 (M.D.Fla. Dec. 23, 2013).

Petitioner claims that he no longer qualifies for the ACCA enhancement in light of Johnson v. United States, 135 S.Ct. 2551 (2015) [declaring the residual clause in the ACCA unconstitutionally vague]. His asserted ground for relief is that a third degree burglary is a



2

non-violent offense in the state of Florida such that two of the three Florida burglary convictions used to trigger his ACCA enhancement are non-qualifying offenses in light of Johnson. He requests that his sentence be vacated and he be resentenced without the ACCA enhancement. Petition, ECF No. 1 at 1, 5; Plaintiff's Memorandum, ECF No. 1-1 at 2-4.

This action is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Petitioner indicates that he has been unsuccessful in seeking relief under § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n. 5.

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the **substantive law** changed such that the conduct



3

of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)(emphasis added). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

Petitioner has not alleged that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Rather, Petitioner asserts that the sentencing court improperly enhanced his sentence as a career offender because two of his state court convictions no longer qualify as predicates for enhancement of his federal sentence. However, the United States Court of Appeals for the Fourth Circuit has not extended the reach of the savings clause to petitions which challenge only a sentence. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); Farrow v. Revell, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) [challenge to sentencing factor is not cognizable under § 2241]. Accordingly, Petitioner fails to state a cognizable § 2241 claim as to his argument concerning his sentence. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)[holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"]; see also Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)[refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender].

The United States Supreme Court recently held that the residual clause of the ACCA is unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551 (2015). However, the Court's



4

holding in Johnson did not make the conduct for which the Petitioner was convicted non-criminal. Thus, under Fourth Circuit precedent, Petitioner would be unable to satisfy § 2255's savings clause to seek relief under § 2241 based on Johnson. See Swanson v. Zych, C/A No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) ["Because the Johnson decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241."]. Rather, if Petitioner believes Johnson entitles him to sentencing relief, he should seek permission from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion in the Middle District of Florida. See 28 U.S.C. § 2244 [requiring a Petitioner to obtain permission from the Court of Appeals before filing a successive § 2255 motion]; 28 U.S.C. § 2255(h).

## RECOMMENDATION

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.[3]

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

December 14, 2015
Charleston, South Carolina

---

[3] The Petitioner cites Johnson v. United States, 135 S.Ct. 2551 (2015) as the basis for his requested relief and, pursuant to Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015), the Clerk of Court is directed to send a copy of this Report and Recommendation to the Federal Public Defender for such evaluation and action as may be deemed appropriate by that office. See Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015)[authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in Johnson].

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

